# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD OEFFNER, | CASE NO. 10cv1851 BEN (MDD) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | • **OVERRULING PLAINTIFF'S OBJECTIONS;** |
| | • **ADOPTING MAGISTRATE JUDGE DEMBIN'S REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | • **DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | • **GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment are before the Court. (Dkt. Nos. 13, 16.) On July 6, 2011, Magistrate Judge Dembin issued a Report and Recommendation ("R & R") recommending the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Cross Motion for Summary Judgment. (Dkt. No. 18.) On July 27, 2011, Plaintiff filed Objections to the R & R and on August 4, 2011, Defendant filed a Reply to those Objections. (Dkt. Nos. 19-20.) Having considered the R & R, Plaintiff's Objections, and Defendant's Reply to those Objections, the Court overrules Plaintiff's Objections, **ADOPTS** the R & R, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Cross Motion for Summary Judgment.

**BACKGROUND**

The Court finds that the background contained in the R & R is both accurate and complete.

**DISCUSSION**

**I.    Standard of Review**

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3).

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any "substantial, gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment or impairments must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques" and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)-(3).

The social security regulations outline a five-step process for determining if the applicant meets this showing. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The applicant bears the burden of proof for the first four steps and must prove that: (1) plaintiff is not presently working in a substantially gainful activity; (2) plaintiff's impairment is severe; (3) the impairment meets or is equal to one of the specific impairments in the regulations; and (4) plaintiff is not able to do any relevant work that he or she has done in the past. *Id.* at 1098-99. For the fifth step, if the Plaintiff meets his burden on the first four, the burden shifts to the Commissioner to prove that the claimant is able to do other work and is therefore not disabled. *Id.* at 1098.

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial

evidence exists in the record to support the Commissioner's findings. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Substantial evidence "is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Id.* If the evidence is susceptible to more than one rational interpretation, the Court must accept the one which supports the ALJ's decision. *Id.* "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

## II. Objections

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in rejecting the opinion of Dr. Stuart Kramer or in consideration of Plaintiff's sleep apnea and venous insufficiency. The Court, however, agrees with the Magistrate Judge's findings.

The ALJ rejected Dr. Kramer's opinion that Plaintiff was disabled for specific and legitimate reasons in the record. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ found that Dr. Kramer's conclusions were refuted by other evidence, including Dr. Kramer's own observations, the medical record, and the opinions of Dr. Morse. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ may reject treating physician's opinion based on non-treating or non-examining physician's opinions when non-treating or non-examining physician's opinions are consistent with other evidence in the record or when the treating physician's opinion is inadequately supported by clinical findings). Additionally, the ALJ's finding that Dr. Kramer's opinion was potentially biased because he was selected by Plaintiff and paid by Plaintiff's mother does not undermine the ALJ's specific and legitimate reasons for rejecting Dr. Kramer's opinion. *See generally Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996) (affirming ALJ's credibility determination based on solicitation of the physician for his report).

///

///

///

As to Plaintiff's second objection, the Court agrees that Plaintiff's challenge to the ALJ's consideration of Plaintiff's sleep apnea and venous insufficiency are properly considered as a challenge to the ALJ's residual functional capacity ("RFC") determination. Additionally, the Court agrees that the ALJ's RFC determination was supported by substantial evidence. *Ryan*, 528 F.3d at 1198 ("Substantial evidence is more than a mere scintilla but less than a preponderance"); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding that a court must affirm an ALJ's RFC determination if supported by substantial evidence and rejecting claim that ALJ must perform a function-by-function analysis). The ALJ appropriately considered all of Plaintiff's symptoms and ultimately agreed with Dr. Morse's determination that Plaintiff could perform sedentary work with certain restrictions. The evidence before the ALJ, including Dr. Morse's and Dr. Kramer's opinions, was susceptible to more than one rational interpretation, but the ALJ resolved the conflicts and this Court must accept the ALJ's interpretation. *Id.* ("If the evidence is susceptible to more than one rational interpretation, the Court must accept the one which supports the ALJ's decision."); *Andrews*, 53 F.3d at 1039 ("ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").

Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Dembin's R & R over Plaintiff's objections, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Cross Motion for Summary Judgment. The Clerk shall enter judgment in favor of the Commissioner.

**IT IS SO ORDERED.**

DATED: August 19, 2011

Hon. Roger T. Benitez
United States District Judge